IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-01755-BNB

DARRICK ALEXANDER,

        Plaintiff,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPT. OF CORRECTIONS,
WARDEN OF STERLING CORRECTIONAL FACILITY,
ASS. WARDEN OF STERLING CORRECTIONAL FACILITY,
JANE & JOHN DOE ADMINISTRATIVE HEADS, S.C.F.,
C. SOARES, Administrative Head, S.C.F.,
LT. PRESTON TEN EYCK, S.C.F.,
CHAIRPERSON ALLEN HARMS, S.C.F.,
INITIATING D.O.C. EMPLOYEE JIMERSON, S.C.F.,
CM I RANDY NORRIS, S.C.F.,
CM III WESLEY WILSON, S.C.F.,
DAN CRANSFIELD & LAW LIBRARY STAFF, S.C.F.,
CM DARREL SNYDER, S.C.F.,
MAJOR REVORD & JANE & JOHN DOE, S.C.F. Kitchen,
LT. BYCKOWSKI, S.C.F.,
SGT. BELCHER, S.C.F.,
SGT. ARFSTEN, S.C.F.,
CDOC STEP 3 GRIEVANCE OFFICER ANTHONY A. DeCESARO,
SGT. JONES, S.C.F.,
CO HUX, S.C.F.,
CO HUFF, S.C.F.,
CO JANE & JOHN DOE, S.C.F. Mailroom & Staff,
CO BAXTON, S.C.F.,
CO ASH, S.C.F.,
CO DAVIDSON, S.C.F.,
CO ANDRIELLO, S.C.F.,
CO BRIGGS, S.C.F., and
JANE & JOHN DOE CORRECTIONAL OFFICERS, S.C.F. & CDOC,

        Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Alexander has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.  Mr. Alexander specifically asserts nineteen claims against at least twenty-seven Defendants.  As relief he seeks damages and a transfer to the federal prison system.

The court must construe the Prisoner Complaint liberally because Mr. Alexander is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Alexander will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient.  For one thing, it is not clear exactly who and how many Defendants Mr. Alexander is suing because the manner in which Mr. Alexander lists the Defendants in the caption of the Prisoner Complaint is confusing.  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."  Mr. Alexander may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals who he is suing, but he still must make clear how many John and Jane Does

are being named as Defendants and he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

The court also finds that the Prisoner Complaint does not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10ᵗʰ Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp.

1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10ᵗʰ Cir. 1992).  Specifically, Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy

of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or

unintelligible pleadings violate Rule 8.

Mr. Alexander fails to provide a short and plain statement of his claims showing

that he is entitled to relief for several reasons.  First, he fails to identify which Defendant

or Defendants are being sued with respect to each asserted claim.  In fact, a number of

Mr. Alexander's claims are not asserted against any specific Defendants.  Mr.

Alexander also fails to allege specifically what each named Defendant did that allegedly

violated his rights even when he specifically links one or more Defendants to the claims

he is asserting.  For example, Mr. Alexander asserts a series of due process claims

against various Defendants within claim 9 but he fails to allege specific facts regarding

what each named Defendant allegedly did to violate his due process rights.  Finally, Mr.

Alexander fails to provide specific factual allegations in support of many of his claims.

Instead, he asserts a number of claims that are supported only with vague and

conclusory allegations that are not sufficient to state a cognizable claim for relief.

Because Mr. Alexander fails to provide a short and plain statement of each of his

claims, it also is not clear whether all of the named Defendants properly are joined in

one lawsuit.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party

asserting a claim . . . may join, as independent or alternative claims, as many claims as

it has against an opposing party."  However, the issue of whether multiple Defendants

may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of

Civil Procedure, which provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as
> defendants if:
>
> > (A) any right to relief is asserted against them
> > jointly, severally, or in the alternative with
> > respect to or arising out of the same
> > transaction, occurrence, or series of
> > transactions or occurrences; and
> >
> > (B) any question of law or fact common to all
> > defendants will arise in the action.

Fed. R. Civ. P. 20(a).  If Mr. Alexander is not asserting claims against all of the

Defendants that arise out of the same transaction, occurrence, or series of transactions

or occurrences, and that raise a question of law or fact common to all Defendants, he

may not sue all of the Defendants in one action.

For all of these reasons, Mr. Alexander must file an amended complaint if he

wishes to pursue any claims in this action.  Mr. Alexander is advised that he must

identify, clearly and concisely, who he is suing, the specific claims he is asserting, the

specific facts that support each asserted claim, against which Defendant or Defendants

he is asserting each claim, and what each Defendant did that allegedly violated his

rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007) (noting that, to state a claim in federal court, "a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated").  The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Alexander also is advised that § 1983 "provides a federal cause of action

against any person who, acting under color of state law, deprives another of his federal

rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S.

158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge

of their authority to deprive individuals of their federally guaranteed rights and to provide

relief to victims if such deterrence fails.").  Therefore, Mr. Alexander should name as

Defendants in his amended complaint only those persons that he contends actually

violated his federal constitutional rights.

Because some of the named Defendants are supervisory officials, the Court also

emphasizes that personal participation is an essential allegation in a civil rights action.

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Alexander must show that each Defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each Defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a Defendant

may not be held liable for the unconstitutional conduct of his or her subordinates on a

theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Alexander file, **within thirty (30) days from the date of this**

**order**, an amended Prisoner Complaint that complies with the pleading requirements of

the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Alexander shall obtain the court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Alexander fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, the action will be

dismissed without further notice.

DATED August 15, 2012, at Denver, Colorado.

BY THE COURT:


_s/Craig B. Shaffer_
United States Magistrate Judge