IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01755-BNB

DARRICK ALEXANDER,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
WARDEN OF STERLING CORRECTIONAL FACILITY,
ASS. WARDEN OF STERLING CORRECTIONAL FACILITY,
JANE & JOHN DOE ADMINISTRATIVE HEADS, S.C.F.,
C. SOARES, Administrative Head, S.C.F.,
LT. PRESTON TEN EYCK, S.C.F.,
CHAIRPERSON ALLEN HARMS, S.C.F.,
INITIATING D.O.C. EMPLOYEE JIMERSON, S.C.F.,
CM I RANDY NORRIS, S.C.F.,
CM III WESLEY WILSON, S.C.F.,
DAN CRANSFIELD & LAW LIBRARY STAFF, S.C.F.,
CM DARREL SNYDER, S.C.F.,
MAJOR REVORD & JANE & JOHN DOE, S.C.F. Kitchen,
LT. BYCKOWSKI, S.C.F.,
SGT. BELCHER, S.C.F.,
SGT. ARFSTEN, S.C.F.,
DOC STEP 3 GRIEVANCE OFFICER ANTHONY A. DeCESARO,
SGT. JONES, S.C.F.,
CO HUX, S.C.F.,
CO HUFF, S.C.F.,
JANE & JOHN DOE, S.C.F. Mailroom,
CO BAXTON, S.C.F.,
CO DAVIDSON, S.C.F.,
CO ANDRIELLO, S.C.F.,
CO BRIGGS, S.C.F., and
JANE & JOHN DOE CO'S S.C.F.,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado

Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Alexander initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  On August 15, 2012, Magistrate Judge Craig B. Shaffer ordered Mr. Alexander to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure if he wishes to pursue his claims in this action.  On November 19, 2012, Mr. Alexander filed an amended Prisoner Complaint (ECF No. 17).

The Court must construe the amended Prisoner Complaint liberally because Mr. Alexander is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the amended Prisoner Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers.  *See id.*  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint does not correct the deficiencies identified by Magistrate Judge Shaffer.  For one thing, Mr. Alexander still fails to comply with Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, which provides that "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."  Despite being advised by Magistrate Judge Shaffer that the original Prisoner Complaint violated the Court's local rules, Mr. Alexander lists the Defendants in the amended Prisoner Complaint in

the same manner they were listed in the original Prisoner Complaint.  As a result, it still is not clear, as Magistrate Judge Shaffer noted, exactly who and how many Defendants are being sued in this action.

More importantly, the Court finds that the amended Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Mr. Alexander was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix,

vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Shaffer determined that Mr. Alexander's original Prisoner Complaint did not comply with the pleading requirements of Rule 8 because Mr. Alexander failed to provide a short and plain statement of his claims showing that he is entitled to relief.  In particular, Magistrate Judge Shaffer stated that Mr. Alexander failed to identify which Defendant or Defendants are being sued with respect to each asserted claim, that a number of the claims in the original Prisoner Complaint are not asserted against any specific Defendants, that Mr. Alexander fails to allege specifically what each named Defendant did that allegedly violated his rights, and that Mr. Alexander failed to provide specific factual allegations in support of many of his claims.  Magistrate Judge Shaffer specifically advised Mr. Alexander that, in order to comply with Rule 8, "he must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights."  (ECF No. 8 at 5.)

Mr. Alexander makes almost no effort in the amended Prisoner Complaint to correct the pleading problems identified by Magistrate Judge Shaffer.  In fact, with the exception of claim eleven, each claim in the amended Prisoner Complaint appears to be identical to the corresponding claim in the original Prisoner Complaint.  With respect to claim eleven in the amended Prisoner Complaint, which raises the same Eighth Amendment issues set forth in claim eleven in the original Prisoner Complaint, Mr. Alexander merely includes one additional sentence in which he attempts to link the asserted Eighth Amendment violations to specific Defendants by alleging that

"Responsible are Lt. Byckowski, SGT Belcher & SGT Arfsten, S.C.F. Maintence [sic] staff." (ECF No. 17 at 16.) However, inclusion of this one additional sentence does not explain what each of these Defendants specifically did that allegedly violated Mr. Alexander's rights in connection with claim eleven.

The Court agrees with Magistrate Judge Shaffer's assessment that Mr. Alexander's claims in this action do not comply with the pleading requirements of Rule 8. Mr. Alexander fails to identify who he is suing with respect to each asserted claim and he fails to provide specific factual allegations in support of his claims regarding what each named Defendant did that allegedly violated his rights. Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of    November   , 2012.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK, Senior Judge
United States District Court